IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARRICK VEATER,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING NEW TRIAL<br><br>Case No. 2:09CR761DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant's Motion for a New Trial. The government has opposed the motion. Although Defendant has not filed a reply in support of his motion, the time for doing so has passed. Accordingly, the court considers the motion fully briefed. The court does not believe that a hearing would significantly aid in its determination of the motion. Therefore, after having carefully considered the memoranda and other materials submitted by the parties, reviewing the transcripts of the trial, and considering the law and facts relating to the motions, the court renders the following Memorandum Decision and Order.

**LEGAL STANDARD**

Rule 33 of the Federal Rules of Criminal Procedure permits a court to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The Tenth Circuit disfavors the granting of new trials and states that caution should be used in granting them. *United States v.*

*Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969). The court grants a new trial only "in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994). "The burden of demonstrating prejudicial error is on the defendant, and new trials should not be granted if a defendant's substantial rights have not been affected." *United States v. Yoakam*, 168 F.R.D. 41, 44 (D. Kan. 1996). A motion for a new trial based on the sufficiency of the evidence should be denied if the "evidence and reasonable inferences drawn therefrom, viewed in a light most favorable to the government, would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997).

## ANALYSIS

Defendant seeks a new trial for three reasons. First, Defendant claims the court erred in denying him the opportunity to cross examine Shannon Searle regarding her three misdemeanor convictions for shoplifting. Second, Defendant alleges that the court should have permitted him to recall Searle regarding her failure to produce her daughter, the same child who is the victim in this case, in a sexual abuse prosecution against one of Searle's friends who was charged with sexually abusing her daughter. Finally, Defendant contends that the prosecutions disclosure of the dismissal of that prosecution on the eve of trial unfairly prejudiced Defendant's ability to pursue a hearing under Rule 412 of the Federal Rules of Evidence to determine whether Searle's daughter falsely accused another of abuse in that case. Defendant contends that these reasons, taken separately or as a whole, justify a new trial.

**1. Shoplifting Convictions**

Defendant acknowledges that shoplifting convictions are not automatically a crime

involving dishonesty or false statement within the meaning of Rule 609(a)(2) of the Federal Rules of Evidence. But he contends that shoplifting convictions are also not automatically excluded if it can be shown that it involved fraudulent or deceitful conduct. Thus, Defendant contends that he should have been permitted to explore the issue further.

The court, however, concludes that it properly excluded Searle's three misdemeanor convictions for retail theft and did not err in refusing to allow cross examination about those convictions. The Tenth Circuit has repeatedly held that shoplifting and theft convictions do not impact a witness's credibility absent specific evidence to the contrary. *See United States v. Dunson*, 142 F.3d 1213, 1215-16 (10th Cir. 1998); *United States v. Lamb*, 99 Fed. Appx. 843, 846 (10th Cir. May 20, 2004) (unpublished).

The advisory committee notes accompanying Rule 609 explain that "dishonesty and false statement," means "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully." Fed. R. Evid. 609 advisory. comm. note. The notes direct a court to consider "the statutory elements of the crime" to determine whether it is "one of dishonesty or false statement." *Id.* The retail theft statute under which Searle was convicted, Utah Code Annotated Section 76-6-602 does not contain an element involving "a dishonest act or false statement."

Defendant now claims that he should have been allowed to explore the nature of her convictions more fully. However, during the trial, at the sidebar discussion on the government's objection to defense counsel's question regarding the retail theft conviction, defense counsel

3

stated only that "I'm entitled to impeach her about these crimes of dishonesty." Counsel did not attempt to proffer any specific facts of deceit or untruthfulness. The Tenth Circuit allows that "a court may consider evidence tending to demonstrate Rule 609(a)(2) governs, [but] the court need not ferret it out; that responsibility falls squarely on the proponent's shoulders." *Dunson*, 142 F.3d at 1216. At trial, defense counsel gave no suggestion to this court that Searle's shoplifting convictions were anything other than garden variety shoplifting convictions. Before seeking to cross examine her on such convictions in front of the jury, Defendant was required to demonstrate some specific evidence demonstrating that the shoplifting involved the kind of deceit or dishonesty envisioned under Rule 609(a)(2). Tellingly, Defendant still does not offer any kind of such evidence in support of his motion for a new trial.

Defendant now attempts to argue that Searle's shoplifting convictions amounted to "a strong bias to implicate Veater in the present crimes once he threatened to take her children from her because she would not stop abusing drugs." However, Defendant acknowledges that counsel were permitted to explore Searle's drug use and the possibility that such drug abuse would cause her to lose her children as a motive for her to falsely testify against Defendant. Defendant did not argue at trial that the shoplifting convictions amounted to bias. Although Defendant now claims that a person with three shoplifting convictions who is also a drug addict is more suspect, the court finds that the shoplifting convictions have no bearing on bias and defense counsel adequately and extensively cross-examined Searle on her possible bias.

**2. Recall of Searle to Testify as to Separate Sexual Abuse Investigation**

Defendant contends that he should have been allowed to recall Searle to be cross-examined as to her failure to produce her daughter for various hearings and interviews in relation

4

to a separate sexual abuse prosecution against another defendant. In that separate prosecution, Searle's daughter was interviewed by police and she alleged that she had been improperly touched by a Searle family friend. The case was dismissed because of lack of cooperation and the nature of the disclosed touching (i.e. over the bathing suit one-time touch with the side of the defendant's hand). At trial, the court did not allow cross-examination of Searle regarding the dismissed prosecution because the court believed the information to be "quite peripheral . . . [and] marginally relevant." A trial judge retains discretion to impose reasonable limits on cross-examination to prevent things like harassment, prejudice, confusion of the issues, repetition, and marginal relevance. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *United States v. Bindley*, 157 F.3d 1235, 1240 (10th Cir. 1998).

In his present motion, Defendant claims that information regarding the other case "would have been valuable to the jury in assessing Searle's credibility and in demonstrating Searle's bias against Defendant because she failed to support her daughter in a case where her daughter directly accused someone of touching her illegally, something her daughter never claimed Defendant had done." Defendant contends that her "willingness to impede justice in the one case where a family friend was the accused must be contrasted with her pursuit of the present case against Defendant, who, until his conviction, presented a real threat to her continued custody of her children."

Again, Defendant appears to be arguing bias in his post-trial motion while he argued only credibility at trial. Defense counsel repeatedly asserted that information regarding the other prosecution would impact Searle's credibility. The court asked defense counsel if it went to credibility, and he responded that it did. The court then said, "Nothing else?" and defense

5

counsel said, "No." Defendant did not suggest bias at trial. In any event, the jury had sufficient information to appraise Searle's credibility, motives, and potential bias. Moreover, a tenuous allegation of bias does not necessarily establish the probative value of the other act. The allegations are dissimilar, unrelated, and Defendant fails to demonstrate relevance. Even assuming marginal probative value of the evidence relative to bias, Rule 403 would have prohibited the introduction of this matter. Accordingly, the court concludes that it properly excluded cross examination on the separate sexual abuse charge.

### 3. Timing of Disclosure

Finally, Defendant argues that the disclosure of the dismissal of the state court prosecution on the afternoon before trial warrants a new trial. Defendant contends that the late disclosure prevented counsel from conducting a hearing pursuant to Rule 412 to determine whether the allegation was admissible in the present case and prevented him from investigating whether the claim was false. However, the government represents that it received the letter on June 6, 2012, and provided it to the defense on June 11, 2012. Although this disclosure was shortly before trial, Defendant was aware of B.S.'s allegations for more than two years before trial. The initial discovery that the United States provided to Defendant on October 16, 2009, contained a Division of Child and Family Services Child Abuse Neglect Report which noted that Searle had advised Defendant's mother "that a neighbor had touched B.S. but it was over the clothing and they had no proof and she didn't report it." Shortly thereafter, a CD was provided to counsel that contianed the interview of B.S. conducted at the Children's Justice Center. During the interview, B.S. discusses the sexually explicit photographs Defendant took of her with his cell phone and also discusses the unrelated incident involving the inappropriate touching. This

6

information demonstrates that counsel had an adequate opportunity to investigate the allegation of the other incident. Moreover, Defendant makes no showing that evidence of an untruthful allegation, assuming it exists, would even be admissible. The court, therefore, concludes that the late notice of the dismissal of the other charge does not warrant a new trial.

## CONCLUSION

Based on the above reasoning, Defendant's Motion for New Trial is DENIED.

DATED this 15th day of October, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge